UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROLYN SIOUX GREEN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MASON GENERAL HOSPITAL, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. C20-6206RJB<br><br>ORDER GRANTING UNITED STATES MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION FOR SUMMARY JUDGMENT |

　　This matter comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment. Dkt. 17. The Court has considered the pleadings filed regarding the motion and the remaining file.

　　On October 12, 2020 the Plaintiff filed this case, *pro se*, asserting claims against several Defendants, including the United States Department of Veteran's Affairs Administration ("VA"). Dkt. 1. The United States now moves to dismiss the case for lack of subject matter jurisdiction based on sovereign immunity under Fed. R. Civ. P. 12(b)(1). Dkt. 17. The Court need not reach the United States' remaining arguments for dismissal because the motion should be granted (Dkt. 17); the Plaintiff failed to demonstrate that she has exhausted her administrative remedies to defeat the United States' claim of sovereign immunity and so this Court does not have subject matter jurisdiction.

ORDER GRANTING UNITED STATES MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND MOTION FOR SUMMARY JUDGMENT - 1

**FACTS**

The majority of her Amended Complaint makes allegations against Defendants Mason General Hospital and Central Mason Fire Department in connection with her transport and admittance to the hospital for mental health care and for forcing her to take medication. Dkt. 16. As it relates to the VA, the Plaintiff alleges that the VA "fail[ed] to provide appropriate procedural care. Instead provided mind-altering drugs for a several physical injury" *Id.,* at 3. It also asserts that the VA "created unlawful standing orders for forced injections totally bypassing the rule of law and the Court procedures." *Id.*, at 6. The Plaintiff does not identify what relief she seeks against the VA. *Id.*

**DISCUSSION**

**Motion to Dismiss under 12(b)(1) Standard.** A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, at 1225.

**FTCA and Lack of Subject Matter Jurisdiction.** The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28

U.S.C. § 2679 (b)(1).  "Although [FTCA] claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th 1998).  To the extent the Plaintiff sues the VA, her claims against it should be dismissed.

To the extent the Plaintiff intended to name the United States as a Defendant, her claims against it should also be dismissed.  The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).  If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

Pursuant to 28 U.S.C. § 2675(a),

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . .

"[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Plaintiff failed to present an administrative tort claim to the United States before filing suit.  Although she argues that she filed her administrative claim in December of 2020, she fails to show that a final decision on that claim has been made on that claim.  Accordingly, the Plaintiff has failed to exhaust her administrative remedies and so, there has been no waiver of sovereign immunity.

1    The United States motion to dismiss (Dkt. 17) should be granted. This Court lacks

2 subject matter jurisdiction over the claims asserted against the federal Defendants pursuant to

3 Rule 12(b)(1). The claims asserted against the United States and the United States Department

4 of Veterans Affairs should be dismissed.

5    **IT IS SO ORDERED**.

6    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

7 to any party appearing *pro se* at said party's last known address.

8    Dated this 9th day of March, 2021.

```
                              ROBERT J. BRYAN
                              United States District Judge
```